UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

KYLE D.,[1]

Plaintiff,

v.

SSA COMMISSIONER,

Defendant.

Case No. 25-cv-04932-RMI

**ORDER RESOLVING SOCIAL SECURITY APPEAL**

Re: Dkt. Nos. 12, 14

Plaintiff seeks judicial review of an administrative law judge ("ALJ") decision finding that Plaintiff was not disabled under Title II and Title XVI of the Social Security Act. *See* Admin. Rec. ("AR") at 17–30.[2] The Social Security Administration's Appeals Council declined to review the ALJ's decision. AR at 1. As such, the ALJ's decision is a "final decision" of the Commissioner of Social Security, reviewable by this court. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 7, 8), and both parties have filed briefs (dkts. 12, 14). For the reasons stated below, the decision of the ALJ is **REVERSED,** and this case is **REMANDED** for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff was struck by a motor vehicle while walking as a pedestrian on February 23, 2016. AR at 242–45. He sustained a thoracic spine injury and several fractures on the right side of the body, including a displaced right midshaft tibia fracture. AR at 221, 250–51, 319, 369, 391. He was hospitalized at Natividad Medical Center for approximately two weeks and underwent

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The Administrative Record, which is independently paginated, has been filed in one attachment to Docket Entry #11. *See* Dkt. No. 11-1.

United States District Court
Northern District of California

surgeries to his right shoulder and tibia, followed by intensive rehabilitation. AR at 144, 150–51, 239, 391–96. At discharge, he was instructed to "walk with [a] device," and the recommended assistive device was a wheelchair. AR at 132, 136.

Orthopedic records over the following year show Plaintiff "improved considerably," although his recovery remained incomplete. AR at 64–121. In late March 2016, he ambulated with difficulty and used a wheelchair. AR at 116, 119. By September 2016, he had regained range of motion and was described as "relatively functional" and nearly ready to return to heavy lifting. AR at 82–83. However, in October 2016, he struggled with balance and gait, numbness in the right foot, and spasticity in his lower extremities. Given these difficulties, his physician recommended that he "hold off" on work involving fifty-pound lifting and possibly find "a different line of work" because heavy lifting could be dangerous and worsen pain. AR at 79. In December 2016 and into early 2017, he maintained full strength and range of motion but continued to exhibit persistent spasticity in his legs and decreased sensation in the right foot. AR at 63–75.

### A. Emergency Room Visits

Between 2018 and 2021, Plaintiff visited the Community Hospital of the Monterey Peninsula ("CHOMP") emergency department on multiple occasions for complaints unrelated to his lower extremities: dental decay and gingivitis (May 2018), an abdominal wound infection (December 2018), a drug overdose (May 2019), anxiety and rapid heart rate (December 2019), a rib injury from a fall (January 2020), and right ring-finger swelling (August 2021). AR at 723, 751–53, 783–84, 798–99, 863–64, 882–83, 899–900. Physical examinations at these visits generally showed normal range of motion, no edema or deformity, and intact strength and sensation, and none noted that Plaintiff used a cane. *See, e.g.*, AR at 754, 787, 804, 818, 845, 867, 885. However, neurological findings during the May 2019 overdose admission documented an abnormal gait, bilateral weakness, and the ability to stand and sit on the gurney only with assistance. AR at 853.

On November 6, 2022, Plaintiff visited the CHOMP emergency department for a head injury sustained because his legs "gave out" while walking to the bathroom. AR at 918–23. While his physical examination showed normal extremity and neurological functioning, the treatment

physician recorded that Plaintiff had experienced intermittent difficulty with his leg function ever since the car accident. AR 921–22. The physician also noted: "He does walk with a cane." AR at 922.

**B. Physical Therapy**

In May 2020, Plaintiff began physical therapy at In Stride Physical Therapy. AR at 975, 1098–99. His initial evaluation documented impaired balance, abnormal posture and gait, and decreased ability to perform basic activities of daily living safely without discomfort. AR at 1088–89. In May and June 2020, his therapist observed an abnormal gait with a single-point cane ("SPC"), including "severely impaired bilateral" single-leg stance. AR at 1057, 1093. Over the following months, Plaintiff reported feeling stronger and showed an "improved gait pattern" with his SPC, though his knees gave out frequently and he fell weekly. AR at 981, 984, 1002, 1027, 1035. By his last session in October 2020, Plaintiff had achieved only 25% of his long-term PT goal of ambulating and standing safely for 30 minutes without discomfort. AR at 975.

**C. Social Security Application and ALJ Hearing**

Plaintiff filed his application for disability insurance benefits on August 17, 2022, alleging a disability onset date of February 23, 2016, with a date last insured of March 31, 2021. AR at 437–38. During the claims process, multiple sources documented Plaintiff's use of a cane. A psychological evaluator noted during a December 2022 evaluation that Plaintiff "currently requires a cane to assist with ambulation and unsteady gait." AR at 960. The next month, internal medicine consultative examiner Dr. Roger Wagner observed Plaintiff walking with a cane in his left hand and found a positive Romberg test, decreased bilateral sensation to at least the midthighs, and slight weakness in the right lower extremity. AR at 969–71. Dr. Wagner opined that the cane is "necessary at all times given his positive Romberg and slight weakness in the right leg in particular" and that Plaintiff's maximum standing and walking capacity was up to four hours. AR at 972. The state agency medical consultants similarly noted: "[Plaintiff] may use cane for support for long distances and uneven terrain." AR at 448, 507.

Plaintiff submitted two adult function reports in which he reported that nerve damage causes his legs to go numb and that he walks using a cane—or previously a walker or crutches—to

prevent falling. AR at 623, 629, 655. He noted that a doctor prescribed all assistive devices. *Id.* Anne Norris, Plaintiff's fiancée's mother, submitted a third-party function report confirming Plaintiff's reliance on the prescribed cane to walk. AR at 660–62, 665–66. At the hearing, a vocational expert ("VE") testified that using an assistive device such as a cane would compromise bilateral manual dexterity for light, unskilled work and preclude such work. AR at 433.

**D. ALJ Decision**

The ALJ conducted the five-step sequential analysis. AR at 18; 20 C.F.R. § 404.1520(a). At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR at 20. At step two, he found severe impairments of residual effects of a right humerus fracture and thoracic spine injury. *Id.* At step three, he found no impairment meeting or equaling the severity of any listed impairment. AR at 24. As to the RFC, the ALJ found:

> that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is able to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; and stand and walk in combination for approximately six hours total in an eight-hour workday with normal breaks. He is able to occasionally climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; occasionally use of foot controls with the left lower extremity; and frequently stoop, kneel, crouch, and crawl.

AR at 25. The ALJ, though, expressly excluded the use of an assistive device from the analysis because emergency room records did not document Plaintiff's presentation with a cane. AR at 25, 27. After proceeding past step four to step five under the expedited process, the ALJ concluded that Plaintiff was not disabled based on VE testimony. AR at 28–30.

## II. LEGAL STANDARD

The Social Security Act limits judicial review of the Commissioner's decisions to final decisions made after a hearing. 42 U.S.C. § 405(g). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* A district court has limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase "substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148,

1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, courts "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## III. DISCUSSION

When formulating the RFC, the ALJ based his decision to exclude the use of an assistive device from the RFC simply on the finding that "the emergency room notes do not document the claimant's presentation with a cane." AR at 27. The court finds error for two independent reasons. First, the factual premise is incorrect: one emergency room record specifically states that Plaintiff "does walk with a cane." AR at 922. Second, even setting that error aside, substantial evidence does not support the ALJ's reliance on the emergency room records given the weight of other evidence in the record corroborating Plaintiff's cane use.

### A. Emergency Room Records

The ALJ's characterization of the emergency room notes as uniformly omitting any mention of cane use is squarely contradicted by the record. It was improper for him to rely on a purported absence that does not, in fact, exist. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("Where the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusions.").

On November 6, 2022—the one emergency room visit most directly related to Plaintiff's lower-extremity function—the treating physician recorded the following in the ED Course and Medical Decision Making section:

> This was a 35-year-old male who states that he was at home at about 2:00 when he was walking on the hallway and his legs gave out on him. This is [sic] occurred intermittently ever since he was involved in a very serious car accident almost well over 10 years ago. He suffered traumatic brain injury as well as spinal cord injury. **He does walk with a cane.** Denied that when this happened he pitched forward and he states he struck his head on a door, hard and after that it knocked it off the hinges.

AR at 922. (emphasis added).

This medical note alone refutes the ALJ's stated basis for excluding the cane from the RFC. Although the ALJ discussed the November 6, 2022, visit in his decision, he described it only as an occasion where Plaintiff presented "complaining of a recent fall incident and associated head injury that occurred while walking around his house." AR at 27. That summary is a selective reading of this record and is incomplete. The ALJ omitted both the reason for the fall—Plaintiff's legs giving out, an event he reported as recurring intermittently since the accident—and the physician's clear notation that Plaintiff walks with a cane. AR at 919, 922. Whether the physician's note reflects Plaintiff's subjective self-report or her own independent observation, it is an indisputable reference to cane use within the emergency room records in contravention of the ALJ's stated reasons for rejecting the cane use. Instead, the ALJ focused on "intact neurological findings," "no tenderness in the claimant's spine," and the absence of acute abnormalities. AR at 27. These types of mischaracterizations constitute reversible error. *See Nguyen*, 100 F.3d at 1465; *see also Reddick v. Chater*, 157 F.3d 715, 723 (9th Cir. 1998) (reversal required where the ALJ's "paraphrasing of record material [was] not entirely accurate regarding content").

Moreover, the ALJ's broader reliance on the other CHOMP emergency room visits is undermined by the nature of those visits. As set forth above, Plaintiff's other emergency room visits between May 2018 and August 2021 were for complaints entirely unrelated to his lower extremities or ability to ambulate. *See* AR at 723, 751–53, 783–84, 798–99, 863–64, 882–83, 899–900. The probative weight of that silence must be assessed in light of the nature and purpose of each visit. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (holding that a reviewing court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence'"); *see also Ferguson v. O'Malley*, 95 F.4th 1194, 1201 (9th Cir. 2024) ("The ALJ cannot rely on an *absence* of positive medical evidence to

discredit a claimant's subjective symptom testimony"). The ALJ improperly ignored the cane reference in the one visit that directly concerned Plaintiff's leg function and instead placed dispositive weight on unrelated visits without explanation.

Because the emergency room records positively reference Plaintiff walking with a cane, the ALJ's sole basis for excluding it from the RFC was incorrect, much less supported by substantial evidence.

**B. Dr. Wagner's Opinion**

The ALJ's discrediting of Dr. Roger Wagner's medical opinion concerning Plaintiff's use of a cane was not based on substantial evidence.

Under 20 C.F.R. § 404.1520c, the ALJ must evaluate the "persuasiveness" of all medical opinions according to several factors, the most important of which are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2); *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). The ALJ must address both factors and "cannot reject an . . . opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* at 792; *see also id.* at 793 n.4 ("ALJs should endeavor to use these two terms of art—'consistent' and 'support'—with precision.").

The ALJ identified Dr. Roger Wagner's consultative examination as the lone piece of objective medical evidence supporting cane use. AR at 966–73. The ALJ found Dr. Wagner's opinion "not persuasive," citing its inconsistency with the balance of the record. AR at 28. The ALJ pointed to the following categories of evidence: (1) "unremarkable" emergency room physical examinations "without mention of the need for an assistive device," AR at 26–27; (2) PT notes reporting improved leg strength and ability to perform daily activities, AR at 27; (3) no prescription for an assistive device in the record, AR at 28; and (4) Plaintiff's report to Dr. Wagner of a left tibia fibula fracture when PT notes documented a metal rod in his right leg, AR at 26. As to the state agency consultants, the ALJ found them persuasive "in terms of the exertional level and postural restrictions" but not as to the notation that Plaintiff may use a cane when ambulating long distances or over uneven terrain, AR at 27, 448, 507, again because it was at odds with ER visit findings. AR at 27. None of these reasons withstand scrutiny.

*First*, as discussed above, the ALJ may not rely on the ER records to attack the consistency of Dr. Wagner's opinion, given that the November 6, 2022, record directly contradicts the ALJ's position. The same deficiency undermines the ALJ's rejection of the state agency consultants' cane notation, which the ALJ discounted because it conflicted with "unremarkable physical exam findings" from the ER visits. AR at 27.

*Second*, the ALJ improperly relied on cherry picked portions of the PT notes while ignoring other critical entries in the same records. An ALJ "cannot cherry pick the evidence which supports [its] finding while ignoring other contradictory evidence." *Fidel R.P. v. O'Malley*, 754 F. Supp. 3d 986, 994–95 (N.D. Cal. 2024). Here, the ALJ cited PT notes reporting that Plaintiff felt stronger and had less difficulty with daily activities. AR at 27. But those same notes consistently document Plaintiff's use of a single-point cane and abnormal gait pattern throughout treatment, *see, e.g.*, AR at 975, 984, 1057, 1093, and Plaintiff only partially met his PT goals for ambulating and standing without discomfort. AR at 975. Because the PT notes strongly suggest that Plaintiff could perform daily activities *with* the aid of a cane, the ALJ erred by relying on those notes to exclude a cane limitation from Plaintiff's RFC.

*Third*, as to the left/right leg discrepancy, it is unclear whether the reference originated with Plaintiff or Dr. Wagner. Plaintiff accurately and consistently identified a right leg injury across the remainder of the record, including just weeks earlier at the December 2022 psychological evaluation. AR at 959–60. To the extent the ALJ relied on this discrepancy to discount Dr. Wagner's opinion, the ALJ was required to explain why a single ambiguous reference outweighs the entirety of Dr. Wagner's remaining examination findings that support cane necessity. *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) (holding that the ALJ "must set forth his own interpretations and explain why they, rather than the doctor's, are correct"). That isolated discrepancy, without more, is not a sufficient reason to reject Dr. Wagner's opinion.

*Fourth*, the absence of a formal prescription does not establish that the cane is not medically necessary. SSR 96-9p requires "medical documentation establishing the need for a hand-held assistive device," not a prescription. *See Blanket v. Berryhill*, No. 2:16-CV-00001-LRS, 2017 WL 2234184, at *4 (E.D. Wash. May 22, 2017) ("[A] prescription or the lack of a

prescription for an assistive device is not dispositive of the question of medical necessity"); *see also Saunders v. Astrue*, 433 F. App'x 531, 534 (9th Cir. 2011) (unpublished) ("Whether prescribed by a doctor or not, [plaintiff] did suffer from a 'serious' impairment, and his use of [a brace and cane] is not clear and convincing evidence to find him not credible."); *Jeffrey R. v. Acting Comm'r of Soc. Sec.*, No. 2:24-CV-01457-TLF, 2025 WL 1106206, at *4–5 (W.D. Wash. Apr. 14, 2025) (finding that intermittent, unprescribed cane use supported by medical evidence was not a clear and convincing basis to discount testimony); *Nicole L. v. Comm'r of Soc. Sec.*, No. 1:17-CV-01713-AA, 2019 WL 1407416, at *7 (D. Or. Mar. 28, 2019) (same). Here, Dr. Wagner provided the required medical documentation, opining that the cane is "necessary at all times given his positive Romberg and slight weakness in the right leg in particular." AR at 972.

*Fifth*, the ALJ may not discount Plaintiff's cane use simply because it is not documented at every medical encounter. *See Jeffrey R.*, 2025 WL 1106206, at *4–5 (explaining that because plaintiff "does not use his cane 100% of the time," its absence from some records was "not a sufficiently clear or convincing reason" to discount his credibility). The ALJ may not demand positive objective medical evidence fully corroborating every aspect of a claimant's subjective testimony; doing so would "effectively render [the] subjective symptom testimony superfluous." *Smartt v. Kijakazi*, 53 F.4th 489, 494–95 (9th Cir. 2022). The same logic applies here: Plaintiff has consistently described his cane use as near-constant, *see, e.g.*, AR at 427–28, 629, and at least some medical evidence corroborates that need. That Plaintiff may not use the cane at every moment—or may not have had it with him at every emergency room visit—does not constitute substantial evidence that it is unnecessary.

Finally, in determining persuasiveness, the ALJ failed to consider that nonmedical sources offered evidence consistent with Dr. Wagner's opinion. While the ALJ need not "articulate in detail how evidence from nonmedical sources is considered," 20 C.F.R. § 404.1520c(d), that provision does not excuse the ALJ from considering such evidence when evaluating *consistency* under § 404.1520c(c)(2). *See Labryssa v. Kijakazi*, No. 21-CV-04233-BLF, 2022 WL 2833981, at *7 (N.D. Cal. July 20, 2022) (finding that a "passing assessment of the 'supportability' and 'consistency' factors" fails to "substantively engage" with a medical opinion as required). Dr.

Wagner's cane opinion is broadly corroborated across the record: the November 6, 2022, ER notation, AR at 922; the December 2022 psychological evaluation, AR at 959–60; both state agency consultants forms, AR at 448, 507; both adult function reports, AR at 623, 629, 655; the third-party report from Anne Norris, AR at 660–62, 665–66; the PT records documenting SPC use and abnormal gait, AR at 975, 984, 1035, 1057, 1093; and Plaintiff's testimony, AR at 427–28.[3]

The ALJ's exclusion of cane use from the RFC is unsupported by substantial evidence. Accordingly, the ALJ failed to comply with 20 C.F.R. § 404.1520c and improperly discounted Dr. Wagner's medical opinion.

**C. Remedy**

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The ALJ's decision will not be reversed for harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). While "[t]he decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court," the district court may not remand for the payment of benefits "[u]nless the district court concludes that further administrative proceedings would serve no useful purpose." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (amended Feb. 5, 2016).

First, the ALJ's errors were not harmless. At the hearing, the ALJ asked the VE whether a hypothetical individual with Plaintiff's RFC could perform the identified light, unskilled occupations if an assistive device such as a cane were required. The VE testified unequivocally: "That would compromise bilateral manual dexterity. I think that would preclude any work." AR at 433. Had the ALJ properly credited the cane evidence and included the assistive device in the RFC, the VE's own testimony compels the conclusion that no jobs exist in significant numbers in the national economy that Plaintiff can perform. The error therefore directly affected the outcome

[3] The principle set forth by the Commissioner—that "the RFC need not incorporate evidence from any *permissibly discounted* medical opinions or [state consultants]"—does not apply for the reasons discussed above. Comm'r's Br., Dkt. 13, at 2 (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)) (emphasis added).

of the disability determination and is not harmless.

Second, further proceedings are needed because outstanding issues remain that preclude an immediate award of benefits. The record leaves open questions regarding the extent of Plaintiff's need for an assistive device. *See Nicole L.*, 2019 WL 1407416, at *7 (holding that intermittent use of a cane "when [plaintiff's] conditions are acting up" does not negate medical necessity of the device); SSR 96-9p (noting that a claimant who needs an assistive device "only for prolonged ambulation" may retain the ability to perform sedentary occupations). There are factual determinations best resolved by the ALJ. *See Dominguez*, 808 F.3d at 407–09.

**IV. CONCLUSION**

For the reasons stated above, the decision of the ALJ is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order. A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: September 23, 2026

ROBERT M. ILLMAN
United States Magistrate Judge